# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL ALMAZAN, CINDY ALMAZAN DURGAN, EILEEN MARKS, PILAR ANTHONY ALMAZAN-DURGAN, MICHAEL ANTHONY ALMAZAN-DURGAN, JOSEPH ALMAZAN-DURGAN, RALEEN ANN MARKS,<br><br>            Plaintiffs,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC. and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO. 09 CV 1189 JM (BLM)<br><br>**ORDER STAYING CASE**<br><br>Doc. No. 5 |

    Plaintiffs Rachel Almazan, et al., ("Almazan") filed this wrongful death action in California Superior Court. (Doc. No. 1, Ex. A). Almazan alleges that her husband—the father or grandfather of the other plaintiffs—was exposed to Legionella bacteria while staying at Harrah's Rincon Casino and Resort (the "Casino") in Valley Center, California. (Doc No. 1, Ex. A). The Casino is located on the reservation of the Rincon San Luiseno Band of Mission Indians (the "Tribe"), a federally-recognized sovereign Indian tribe. (Doc. No. 5, Ex. 4).

    Defendant Harrah's Entertainment, Inc. ("Harrah's") removed the action to this court based upon diversity jurisdiction. (Doc. No. 1). Despite this, Harrah's now moves under Federal Rule of Civil Procedure 12 to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19. (Doc. No. 5). For the following reasons, Harrah's motion to dismiss is DENIED WITHOUT


PREJUDICE and this action is STAYED to allow Almazan to exhaust tribal remedies.

## I. LEGAL STANDARDS

In general, "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." *Montana v. United States*, 450 U.S. 544, 565 (1981). However, there are two exceptions to this general rule. First, a "tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangement." *Id.* at 565. Second, a "tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee land within its reservations when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 566. Where tribes possess authority to regulate the activities of nonmembers, "[c]ivil jurisdiction over [disputes arising out of] such activities presumptively lies in the tribal courts." *Strate v. A-1 Contractors*, 520 U.S 438, 453 (1997) (quoting 480 U.S. at 18).

Therefore, when there is a "colorable question" whether a tribal court has subject matter jurisdiction over a civil action, federal courts will stay or dismiss the action and "permit a tribal court to determine in the first instance whether it has the power to exercise subject-matter jurisdiction" over the dispute. *Stock West Corp. v. Taylor*, 964 F.2d 912, 919 (9th Cir. 1992). But exhaustion in the tribal court is required as a matter of comity, not as a jurisdictional prerequisite. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 n.8 (1987). The fact that there is no tribal action pending does not defeat the tribal exhaustion requirement. *Sharber v. Spirit Mountain Gaming, Inc.*, 343 F.3d 974, 976 (9th Cir. 2003).

## II. DISCUSSION

Almazan's complaint raises a "colorable question" regarding tribal jurisdiction. Arguably, non-Indians who enter the Rincon reservation to enjoy the goods or services of the Casino are entering a commercial relationship with the Tribe. There can be no doubt that staying in the Casino's hotel is a commercial transaction that creates a commercial relationship. At this early stage in the proceeding, Almazan directs its arguments to the commercial relationship this transaction created between the decedent and Harrah's, not any possible commercial relationship between the decedent and the Tribe.


1  But regardless of whether the decedent developed a commercial relationship with Harrah's, the
2  decedent's stay at the Casino arguably created a commercial relationship with the Tribe as well.

3  The Tribe owns the Casino and its operations are intertwined with Tribal welfare. The Casino
4  is designed to promote "tribal economic development, self-sufficiency, and strong tribal
5  governmen[t]." 25 U.S.C. § 2702(1). Although the pleadings do not make clear who is responsible
6  for day-to-day operations of the Casino, the Tribal-State Compact between the State of California and
7  the Tribe ensures that the Tribe is ultimately responsible for the Casino's operations. (*See* Doc. No.
8  5, Ex. 2). Therefore, any guest of the Casino arguably enters a commercial relationship with the Tribe
9  and is subject to the Tribe's civil jurisdiction regarding disputes that arise out of that relationship.
10 Because the Tribe may have civil jurisdiction over this dispute, this court must give the tribal court
11 the first opportunity to determine its own jurisdiction. *Stock West*, 964 F.2d at 919.

12 When a court finds, as here, that tribal exhaustion is required, the court can stay or dismiss the
13 action, although it is error to dismiss for lack of subject matter jurisdiction. *Sharber*, 343 F.3d at 976.
14 If dismissal may result in the running of the statute of limitations, the court should stay the action
15 instead of dismissing it. *Id.* Therefore, this action is STAYED so that Almazan may pursue remedies
16 in the tribal court. Because the court abstains from exercising its jurisdiction at this time, Harrah's
17 motion to dismiss is DENIED WITHOUT PREJUDICE.

18 **IT IS SO ORDERED.**
19 DATED: October 19, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge